UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FOXMIND CANADA ENTERPRISES LTD.,<br>Plaintiff,<br>-v.-<br>BEASYE, et al.,<br>Defendants. | 23 Civ. 9234 (JHR) (SN)<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

JENNIFER H. REARDEN, District Judge:

Plaintiff FoxMind Canada Enterprises Ltd. brought this action against Defendants for trademark counterfeiting, trademark infringement, false designation of origin, passing off, and unfair competition under the Lanham Act, 15 U.S.C. §§ 1051 *et seq*., and unfair competition under New York common law, arising from alleged infringement of Plaintiff's Pop It Marks and Products. ECF No. 5 (Compl.). Before the Court is the Report and Recommendation of Magistrate Judge Sarah Netburn recommending that the Court enter judgment for Plaintiff in the amount of $300,000 in statutory damages under the Lanham Act—i.e., $50,000 against each of the six defaulting defendants (the "Defaulting Defendants")—and post-judgment interest in an amount to be determined according to the statutory formula set forth in 28 U.S.C. § 1961. ECF No. 92 (R&R). The Court has examined the Report and Recommendation and notes that no objections have been filed. For the reasons set forth below, the Court finds no clear error in the Report and Recommendation and adopts Judge Netburn's recommendation.

**BACKGROUND**[1]

On October 20, 2023, Plaintiff brought this action against twenty-three Defendants, all of which are "merchants on the Amazon.com online marketplace platform." Compl. ¶ 6. That same day, Plaintiff moved *ex parte* for a temporary restraining order ("TRO"). ECF Nos. 8, 12. The Court granted the motion for a TRO and set a hearing for November 21, 2023, directing Defendants to show cause why "a preliminary injunction, pursuant to Fed. R. Civ. P. 65(a), should not issue." ECF No. 21 (TRO), at 11. The TRO authorized service on Defendants by electronic means. *Id.* at 12. On November 2, 2023, Plaintiff served all Defendants with "the Summons, Complaint, TRO, all documents filed in support of the [TRO]." ECF No. 14. On November 21, 2023, the Court held a hearing at which the Defaulting Defendants did not appear. November 21, 2023 Minute Entry. The Court granted Plaintiff's requested preliminary injunction (the "PI"). ECF No. 41 (PI).

Thereafter, Plaintiff voluntarily dismissed seventeen Defendants. ECF Nos. 61, 64, 68-69, 85-86. Plaintiff then proceeded against the Defaulting Defendants: FutureNowData, Peony Love, Shenzhenhaimingwei, XinXie, Xushuanggui, and YMZ Dollhouse. *See* ECF No. 75-81.

On June 8, 2025, the Court directed Plaintiff to move for a default judgment against the Defaulting Defendants. ECF No. 71. On June 10, 2025, Plaintiff filed proof of service of that Order on the Defaulting Defendants by the alternative means authorized in the TRO. ECF No. 72. A Clerk's Certificate of Default as to those Defendants was entered on June 13, 2025. ECF No. 77. Plaintiff moved for a default judgment, supported by a memorandum of law and an affidavit, as well as a proposed default judgment, certificates of service, and other exhibits, ECF Nos. 78-81, and served the Defaulting Defendants with the same, ECF No. 82. On June 18,

[1] Familiarity with the facts, which are set forth in detail in the Report and Recommendation, is assumed. *See* ECF No. 92.

2025, the Court entered a Final Default Judgment and Permanent Injunction Order against the Defaulting Defendants. ECF No. 84. The Court then referred the case to Judge Netburn for an inquest. ECF No. 83.

On March 31, 2026, Judge Netburn issued a twelve-page Report and Recommendation recommending that Plaintiff be awarded $300,000 in statutory damages under the Lanham Act, or $50,000 against each of the six Defaulting Defendants, as well as post-judgment interest in accordance with 28 U.S.C. § 1961(a). R&R at 11. The Report and Recommendation notified the parties that they had "14 days from the service of this Report and Recommendation to file written objections." *Id.* at 12. The Report and Recommendation also cautioned that "[t]he failure to file timely objections [would] waive those objections for purposes of appeal." *Id.* No objections have been filed, nor has any extension of time to file objections been requested.

**DISCUSSION**

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also Oparaji v. Home Retention Corp.*, No. 24 Civ.1444, 2025 WL 1901297, at *2 (2d Cir. July 10, 2025). With respect to those portions of the report to which no timely objection has been made, however, a district court need only satisfy itself that no clear error on the face of the record exists. *See, e.g.*, *Marky's Martial Arts, Inc. v. FC Online Mktg., Inc.*, No. 19 Civ. 03363 (ALC) (VF), 2023 WL 171401, at *1 (S.D.N.Y. Jan. 12, 2023). A report and recommendation "is clearly erroneous if the reviewing court is 'left with the definite and firm conviction that a mistake has been committed.'" *Nazon v. Time Equities, Inc.*, No. 21 Civ. 8680 (AT) (SLC),

2023 WL 1516905, at *1 (S.D.N.Y. Feb. 3, 2023) (quoting *Easley v. Cromartie*, 532 U.S. 234, 242 (2001)), *appeal withdrawn*, No. 23-259, 2023 WL 5570818 (2d Cir. July 12, 2023).

Notwithstanding a direct warning that a failure to file objections would "waive those objections for purposes of appeal," R&R at 12, the Defaulting Defendants did not file any objections to the Report and Recommendation. Thus, the Defaulting Defendants waived the right to judicial review. *See Fredricks v. Desrochas*, No. 21 Civ. 8389 (JGLC) (SLC), 2025 WL 1018870, at *1 (S.D.N.Y. Apr. 4, 2025) (*citing Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992)); *see also Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." (citing *Small v. Sec'y of Health & Hum. Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam))). The Court has carefully reviewed the Report and Recommendation in any event and, unguided by objections, finds no clear error. The Report and Recommendation is "well-reasoned and grounded in fact and law." *See, e.g.*, *Fredricks*, 2025 WL 1018870, at *1.

Accordingly, the Report and Recommendation is adopted in its entirety. Plaintiff is awarded judgments in the amount of $50,000 against each of the six Defaulting Defendants, plus post-judgment interest pursuant to 28 U.S.C. §1961(a). By **July 21, 2026**, Plaintiff shall serve this Order upon each Defaulting Defendant and file an affidavit attesting to such service.

Upon entering the aforementioned judgments, the Clerk of Court is directed to terminate all pending motions and close this case.

SO ORDERED.

Dated: July 14, 2026
New York, New York

Jennifer H. Rearden

JENNIFER H. REARDEN
United States District Judge